

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-93,465-01 AND WR-93,465-02

### EX PARTE STEVEN MARLIN SCHADE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CF-14-01377A AND CF-14-01378A IN THE 76TH DISTRICT COURT
### FROM CAMP COUNTY

**YEARY, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

Applicant pled guilty in March of 2014 to two charges of aggravated robbery and was sentenced to two concurrent terms of twenty years' imprisonment. The Sixth Court of Appeals dismissed his appeal in 2015 for want of jurisdiction. *Schade v. State*, Nos. 06-15-00097-CR and 06-15-00098-CR (Tex. App.—Texarkana Aug. 25, 2015) (not designated for publication). Almost eight years later, Applicant filed these applications for writ of habeas corpus in the county of conviction in December of 2021, alleging his trial counsel was ineffective. TEX. CODE CRIM. PROC. art. 11.07. And today, the Court remands this application to the trial court to further develop the record.

I agree that this application should be remanded, and so I join the Court's order doing so. But I write separately, as I have previously, to address my thoughts concerning

the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Sepeda*, No. WR-92,711-01, 2021 WL 2450089 (Tex. Crim. App. June 16, 2021) (per curiam) (not designated for publication) (Yeary, J., concurring) (reviewing *Ex parte Smith*'s holding and the principles that justify a trial court's *sua sponte* authority to consider laches).

The doctrine of laches ought to be considered in a case like this one. Applicant's guilty pleas occurred in 2014, but these writ applications were not filed until almost eight years later. In addition, the record is silent concerning what circumstances might excuse Applicant's delay.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay.[1] It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's delayed claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED:     February 9, 2022
DO NOT PUBLISH

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).